**James NOLLEY, Plaintiff–Appellant,**

v.

**SWISS RE AMERICA HOLDING CORPORATION, Defendant–Appellee,**

**Swiss Reinsurance America Corporation, Defendant.**

**No. 12–1734–cv.**

United States Court of Appeals, Second Circuit.

June 27, 2013.

James Nolley, North Brunswick, NJ, pro se.

Christopher Lowe, Cameron Smith, Seyfarth Shaw LLP, New York, NY, for Defendant–Appellee.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant James Nolley ("Nolley" or "plaintiff"), proceeding *pro se*, instituted this action before the District Court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), New York State Human Rights Law, N.Y. Exec. L. §§ 290–297, and New York City Human Rights Law, N.Y.C. Admin. Code §§ 8–101 to 131. Nolley alleged that his employer, defendant-appellee Swiss Re America Holding Corporation ("defendant"), discriminated against him on the basis of his race and retaliated against him for complaining of discrimination. The District Court granted a motion for summary judgment by defendant and dismissed Nolley's amended complaint. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin,* 591 F.3d 95, 97 (2d Cir.2010) (internal quotation marks omitted). In addition, we construe the submissions of a *pro se* litigant liberally and "interpret [ ] [them] to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006) (internal quotation marks and emphasis omitted). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a); *see also Winfield v. Trottier,* 710 F.3d 49, 52 (2d Cir.2013).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the judgment of the District Court substantially for the

reasons articulated in Judge Cote's thorough and well-reasoned opinion of March 8, 2012. *See Nolley v. Swiss Reinsurance Am. Corp.*, 857 F.Supp.2d 441, 462 (S.D.N.Y.2012). We have reviewed plaintiff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the March 13, 2012 judgment of the District Court.